UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TERESA BERRY and GENE BERRY,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC, and<br>SUTTELL, HAMMER, & WHITE, P.S.,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR VIOLATIONS OF 15<br>U.S.C. § 1692 ET SEQ. AND RCW<br>CHAPTER 19.16 |

COMES NOW Plaintiffs Teresa Berry and Gene Berry, by and through counsel, who allege:

## I.   PARTIES

1.      Plaintiffs Teresa Berry and Gene Berry are a married couple who reside in Pierce County, Washington State.

2.      Defendant Asset Acceptance, LLC ("Asset Acceptance"), a Delaware Limited Liability Company, is a debt collector and collection agency doing business in Washington, and who repeatedly attempted to collect an alleged debt from the Plaintiff.  Asset Acceptance's registered agent is Corporation Service Company, 300 Deschutes Way SW Suite 304, Tumwater,

Complaint - 1

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1 | WA 98501.

2 |     3.    Defendant Asset Acceptance first obtained their Washington State Collection

3 | Agency license on September 18, 2013.

4 |     4.    Defendant Suttell, Hammer, & White P.S. ("SHW") is a Washington State based

5 | law firm who repeatedly attempted to collect an alleged debt from the Plaintiff.  Its registered

6 | agent is Karl A. Weiss, 601 Union Street Suite 2600, Seattle, WA 98101-2302.

7 |     5.    Defendant SHW is also known as Suttell & Hammer, P.S.

8 |     6.    Defendant SHW first obtained their Washington State Collection Agency license

9 | on October 10, 2012.

## II.  JURISDICTION

11 |     7.    Plaintiffs allege violations of the federal Fair Debt Collection Practices Act

12 | (FDCPA), 15 U.S.C. § 1692 *et seq.*  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

13 | Jurisdiction is proper in this Court because the FDCPA is a law of the United States and subject

14 | to federal-question jurisdiction.

15 |     8.    Additionally, Plaintiff alleges violations of the Revised Code of Washington.

16 | This Court has original jurisdiction over Plaintiff's FDCPA claims, and Plaintiff's federal and

17 | state claims arise from the same offensive conduct.  This Court therefore has supplemental

18 | jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## III.  FACTS

20 |     9.    On August 2, 2012, Defendant SHW, acting on behalf of its client Asset

21 | Acceptance and acting through an attorney employed by SHW, signed a Summons and

22 | Complaint in a lawsuit against Plaintiff.  The lawsuit was initiated in Pierce County Superior

23 | Court, captioned "Asset Acceptance LLC v. Teresa Berry," and was (at a later time) issued case

Complaint - 2

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1    number 14-2-08937-1 (hereafter "the collection lawsuit").

2        10.     Teresa Berry was served with the collection lawsuit on or about August 10, 2012.

3        11.     The first page of the aforementioned Complaint stated: "The defendant, TERESA

4    BERRY, is believed to be a married individual and as such incurred the below-referenced

5    separate and community obligation" [sic] (emphasis in original).

6        12.     The Complaint demanded $8,569.52, arising out of an allegedly unpaid credit

7    card on an account ending in the digits XXXX1112 and for which Asset Acceptance was the

8    purported assignee.

9        13.     The Summons and Complaint are attached hereto as **Exhibit A**.

10       14.     On May 22, 2014, Defendants filed the collection lawsuit (having already been

11   initiated by service of the lawsuit under Washington's Civil Rules) and also filed a motion for

12   summary judgment.

13       15.     The motion for summary judgment barely exceeded a single page.  Under the

14   subject heading "Legal Authority," Defendants wrote "Laws of the State of Washington."  The

15   motion cited no cases or statutes and served only as a vehicle for three exhibits which purported

16   to establish the validity of the case against Ms. Berry.  The motion and selected portions of its

17   exhibits are attached hereto as **Exhibit B**.

18       16.     Exhibit 1 to the aforementioned motion for summary judgment was a one-page

19   affidavit executed by a purported employee on behalf of Asset Acceptance.  This affidavit is

20   hereafter referred to as the "Asset Acceptance Affidavit."  The affidavit included phrases such as

21   "Asset Acceptance, LLC purchased the receivable at issue in this case from FIA Cad Services

22   N.A. or its successor in interest" and that the amount of the claim was "$8,569.52 together with

23   the interest, if sought, in an amount not exceeding the rate of 12.00%".  *See* **Exhibit B** at 5.

Complaint - 3

**ANDERSON LAW OF
KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

17.     Exhibit 2 (to the motion for summary judgment) is a document confusingly entitled "Exhibit C" and subtitled "Bill of Sale and Assignment of Loans." The document is exactly one page in length and makes numerous references to a "Loan Sale Agreement dated April 26, 2012," though no account information is present anywhere on the document. No such "Loan Sale Agreement" was attached. *See* **Exhibit B** at 8.

18.     Exhibit 3 to the motion for summary judgment is a series of Bank of America account statements purportedly belonging to Teresa Berry. The account statements confusingly arise out of accounts ending in both XXXX4461 and XXXX1112, and even if legitimate, do not substantiate anywhere near the amounts sought in the collection lawsuit. *See* **Exhibit B** at 10-11.

19.     The motion for summary judgment was ultimately denied.

20.     The collection lawsuit was assigned to arbitration, and Defendants submitted a "pre-hearing statement of proof" to the arbitrator and to the Plaintiffs directly, on or about October 15, 2014.

21.     One of the documents submitted as part of the aforementioned "pre-hearing statement of proof" was an exhibit identified as "Bank Affidavit," executed by an individual identifying herself as a "Bank Officer" on behalf of FIA Card Services, N.A. This affidavit is attached hereto as **Exhibit C** and is hereafter referred to as the "FIA Affidavit."

22.     The FIA Affidavit was executed on January 30, 2013, and identifies the debt as originating from accounts ending in XXXX7239, XXXX1112, and XXXX1712. The affidavit, though it precedes the Asset Acceptance Affidavit, makes no reference to any account ending in XXXX4461.

23.     Separately from the collection lawsuit, Asset Acceptance continues to report negative credit information adversely affecting Teresa Berry's credit.

Complaint - 4

**ANDERSON LAW OF
KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

24.     As of October, 2014, Asset Acceptance reported an original balance of this account as $8,569 and a past-due amount of $11,133.

25.     Since at least December 2013, Asset Acceptance has reported past-due amounts of increasing balances in excess of $10,000, and which increases by seemingly arbitrary amounts.

26.     As a result of the Defendants' behavior detailed above, Plaintiffs suffered and continue to suffer financial uncertainty and unease, emotional distress, wrongfully increasing amounts allegedly owed due, and on information and belief, damaged credit.

## IV.  CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

27.     Plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3) and Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6).

28.     Plaintiffs are "debtors" as defined by RCW 19.16.100(11) and Defendants are collection agencies as defined by RCW 19.16.100(2).

29.     Defendants' actions in the collection lawsuit constitute actionable debt collection. *McCollough v. Johnson, Rodenburg, Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).

### Count I

30.     A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

31.     Nearly all of Defendants' activities described above are false, deceptive, and/or misleading.

32.     For example, Defendants have asserted that Teresa Berry's account arose out of

Complaint - 5

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1  varying account numbers (despite conflicting affidavits provided by Defendants themselves) in

2  an attempt to force payment or obtain a judgment.

3      33.     As another example, Defendant Asset Acceptance seeks $8,569 in the collection

4  lawsuit, but reports an amount owed of over $11,000 to the credit bureaus, which not only raises

5  questions about the amounts allegedly owed, but the disparity also necessarily constitutes a

6  factual misrepresentation.

7      34.     As a further example, Defendants filed for summary judgment in the collection

8  lawsuit without having any basis for doing so, given the conflicting information in their own

9  records.

10     35.     As yet another example, Defendants maintained the collection lawsuit despite an

11 overwhelming amount of conflicting and outright inaccurate evidence, and the inability to

12 substantiate the amounts allegedly owed.

13     36.     Defendants therefore violated 15 U.S.C. § 1692e, including but not limited to §

14 1692e(2), (5), and (10).

15                                    **Count II**

16     37.     A debt collector may not use unfair or unconscionable means to collect or attempt

17 to collect any debt, including but not limited to, the collection of any amount (including any

18 interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

19 expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. §

20 1692f(1).

21     38.     Plaintiffs reallege paragraphs 31 – 35.

22     39.     Defendants therefore violated 15 U.S.C. § 1692f(1).

23

Complaint - 6

**ANDERSON LAW OF
KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1

**Count III**

2          40.      RCW 19.16.250(21) prohibits attempts to collect amounts in excess of the

3    principal other than allowable interest.

4          41.      ` Asset Acceptance's credit reporting of steadily increasing amounts is

5    unsubstantiated and conflicts with the stated demands in the collection lawsuit.

6          42.      Defendant Asset Acceptance therefore violated RCW 19.16.250(21).

7

**Count IV**

8          43.      RCW 19.16.250, through RCW 19.16.110 and RCW 19.16.260, requires that

9    collection agencies obtain licenses.

10          44.      Defendants initiated the collection lawsuit against Plaintiff Teresa Berry in

11    August 2012, but both Defendants obtained their collection agency licenses at a later time.

12          45.      Defendants therefore violated RCW 19.16.250.

13

**Count V**

14          46.      RCW 19.16.250(16) prohibits threats to take actions that cannot legally be taken.

15          47.      As Defendants could not lawfully collect the alleged debt, Defendants therefore

16    violated RCW 19.16.250(16).

17

**Count VI**

18          48.      The provisions of RCW 19.16.250(9) require Defendants to provide the

19    information mandated by RCW 19.16.250(8)(c) in the initial communication through legal

20    process.

21          49.      On information and belief, the summons and complaint were the first

22    communication to Plaintiffs.

23          50.      Defendants did not communicate the amount owing on the original obligation,

Complaint - 7

**ANDERSON LAW OF
KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1  and in the Complaint, stated that they "may be entitled to attorney's fees" and sought "any

2  further sum which may be proven at the time of trial," which is tantamount to not providing that

3  information.

4         51.     Defendants therefore violated RCW 19.16.250(9).

5                                   **Count VII**

6         52.     RCW 19.16.250(15) states that a collection agency may not state that an

7  obligation may be increased by attorney's fees when there is no basis for doing so.

8         53.     Defendants were served valid discovery requests in the collection action to which

9  they never responded.  Despite this, Defendants still were unable to produce any document or

10  contract which authorized attorney's fees.

11         54.     Upon information and belief, there is no such contract that validly authorizes an

12  award of attorney's fees to Defendants for prevailing in the collection lawsuit.

13         55.     In fact, the FIA affidavit stated that the "original contract in this matter may not

14  be available, or no longer accessible to Affiant" [sic].

15         56.     Defendants therefore violated RCW 19.16.250(15) and/or RCW 19.16.250(21).

16                                   **Count VIII**

17         57.     Violations of RCW 19.16.250 are per se violations of the Consumer Protection

18  Act, RCW chapter 19.86.  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble damages (to

19  a limit of $25,000) and attorney's fees.

20         58.     Plaintiffs therefore reallege Counts III, IV, V, VI, and VII as separate Consumer

21  Protection Act violations.

22                          **V.   PRAYER FOR RELIEF**

23         WHEREFORE, Plaintiffs pray:

Complaint - 8

1    59.    For Judgment against Defendants for actual damages.

2    60.    For statutory damages of $1,000.00, per Defendant, for FDCPA violations.

3    61.    For statutory damages of $2,000.00 per violation, per Defendant, for Washington

4    Collection Agency Act and Consumer Protection Act violations.

5    62.    For treble damages, pursuant to RCW 19.86.090, calculated from the damages

6    determined by the court.

7    63.    For costs and reasonable attorney's fees as determined by the Court pursuant to

8    15 U.S.C. 1692k(a)(3) and/or RCW 19.86.090.

9
10    Respectfully submitted this 3rd day of December, 2014

11
12                    **ANDERSON LAW OF KING COUNTY, PLLC**

13                    By: /s/ Jason Anderson
                      Jason D. Anderson, WSBA No. 38014
14                    Attorney for Gene and Teresa Berry
                      787 Maynard Ave. S.
15                    Seattle, WA 98104
                      (206) 395-2665
16                    (206) 395-2719 (fax)

17

18

19

20

21

22

23

Complaint - 9

EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 20 2014 1:23 PM

KEVIN STOCK
COUNTY CLERK
NO: 14-2-08937-1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

ASSET ACCEPTANCE LLC

                              Plaintiff,

vs.

TERESA BERRY

                        Defendant(s).

NO.

SUMMONS

*s/a 343055.001*

STATE OF WASHINGTON, TO:  The Defendant above named.

    A lawsuit has been started against you in the above entitled court by the above named plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for the plaintiff within 20 days after the service of this summons, (or within 60 days after the service of this summons, if you were served outside of the State of Washington) excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiff is entitled to what he asks for because you have not responded.  If you serve notice of appearance on the undersigned attorneys, you are entitled to notice before a default judgment may be entered.

    You may demand that the plaintiff file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the plaintiff.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service upon you of this summons and complaint will be void.

Summons, Notice to Service Members and their
Dependants and Complaint - 1

SUTTELL & HAMMER, P.S.
PO BOX C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239 FAX

1

        If you wish to seek the advice of an attorney in this matter, you should do so
2   promptly so that your written response, if any, may be served on time.

3       This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
    State of Washington.

4       DATED August 2, 2012.

5

                        SUTTELL & HAMMER, P.S.
6

7               for Isaac Hammer, WSBA #36101
8               Attorney for Plaintiff
                s/a 343055.001

9               cb Nicholas R Filer, WSBA# 91536

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

Summons, Notice to Service Members and their
Dependants and Complaint - 2

                                SUTTELL & HAMMER, P.S.
                                PO BOX C-90006
                                BELLEVUE, WA, 98009
                                425-455-8220/425-453-3239 FAX

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 20 2014 1:23 PM

KEVIN STOCK
COUNTY CLERK
NO: 14-2-08937-1

1

2

3

4

5

6              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                    IN AND FOR THE COUNTY OF PIERCE
7

8    ASSET ACCEPTANCE LLC
                                Plaintiff,    NO.
9    vs.

10   TERESA BERRY
                                              COMPLAINT
11                          Defendant(s).

                                              s/a 343055.001
12

13       COMES NOW the plaintiff for cause of action against the defendants and

14   complains and alleges as follows:

15                                     I.

16       Plaintiff is a legal entity having paid all licenses and fees if required by law and is

17   authorized to bring this action.

18                                     II.

19       The defendant, TERESA BERRY, is believed to be a married individual and as

20   such incurred the below-referenced separate and community obligation.  Defendant

21   resides in PIERCE County, Washington.

22                                     III.

23       That at all times material, defendant has been the obligor of a certain credit account

24   bearing number XXXXXXXXXXXX1112 which has been assigned to plaintiff.

25
     Summons, Notice to Service Members and their
     Dependants and Complaint - 5                      SUTTELL & HAMMER, P.S.
                                                          PO BOX C-90006
                                                        BELLEVUE, WA, 98009
                                                    425-455-8220/425-453-3239 FAX

IV.

By the use of said credit account, said defendant became indebted on said account for goods, services, and monies loaned in the stated amount, the unpaid balance $8569.52 which is fully due and owing to plaintiff, together with such greater sum as may be proved at the time of trial, together with interest thereon at the highest legal rate.

V.

Plaintiff may be entitled to attorney's fees either by contract or statute.  Plaintiff requests an award of attorney's fees, as determined by the court.

We are debt collectors, this is an attempt to collect a debt and any information obtained will be used for that purpose.

WHEREFORE, plaintiff prays for judgment against the defendant for the sum of $8569.52 together with interest thereon at the highest legal rate, and any further sum which may be proven at the time of trial, and a reasonable sum as and for plaintiff's attorney's fees; that such judgment shall bear interest at the highest legal rate after entry; and that the plaintiff have and receive such other and further relief as in the premises shall appear just and equitable.  DATED August 2, 2012.

SUTTELL & HAMMER, P.S.

Per Isaac Hammer, WSBA #36101
Attorney for Plaintiff
s/a 343055.001
Nicholas R. Filer, WSBA #39536

Summons, Notice to Service Members and their
Dependants and Complaint - 6

SUTTELL & HAMMER, P.S.
PO BOX C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239 FAX

# EXHIBIT B

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 22 2014 8:30 AM

KEVIN STOCK
COUNTY CLERK
NO: 14-2-08937-1

Judge: TOLLEFSON
Date: 06/27/2014
Time: 9:00 AM

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| ASSET ACCEPTANCE LLC | NO. 14-2-08937-1 |
| Plaintiff, | |
| vs. | |
| | MOTION FOR SUMMARY JUDGMENT |
| TERESA BERRY | |
| Defendant. | *s/h 343055.001* |

COMES NOW the plaintiff, by and through its attorneys, Suttell & Hammer, P.S.,
and respectfully moves the Court for an Order of Summary Judgment against the
defendant, TERESA BERRY.

RELIEF REQUESTED.

An Order of Summary Judgment against the defendant, TERESA BERRY, for the
principal sum of $8569.52, together with pre-judgment interest, plaintiff's costs, together
with interest thereon at the rate of 12.0000% per annum from judgment until fully paid.

FACTS.

1.    The defendant has become indebted to the plaintiff on account of goods
and services rendered at defendant's request and use of credit card within six years last
past, on which there is now due and owing the principal sum of $8569.52, no part of

MOTION FOR SUMMARY JUDGMENT - 1

SUTTELL & HAMMER, P.S.
PO BOX C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239 FAX

1  which has been paid, though payment has often been demanded.  Interest accrues on said

2  account at the contract rate.

3      2.      The Complaint is for a sum certain which is justly due and owing.

4  SUPPORTING EVIDENCE.

5      1.  Exhibit 1: Affidavit of Balance as provided by Plaintiff

6      2.  Exhibit 2: Bill of Sale as provided by Plaintiff

7      3.  Exhibit 3: Copies of Periodic Statements as provided by Plaintiff

8      4.  Attached Declaration of Plaintiff's attorney

9      5.  Records and files herein

10  LEGAL AUTHORITY.

11  Laws of the State of Washington.

12  CONCLUSION.

13      In conclusion, the plaintiff is entitled to Judgment against the defendant, for the

14  amount prayed for in plaintiff's complaint.  DATED May 20, 2014.

15  SUTTELL & HAMMER, P.S.

16

17

18  ( ) Karen L. Hammer, WSBA #35608
    ( ) Isaac Hammer, WSBA #36101
19  ( ) Patrick J. Layman, WSBA #5707
    ( ) Malisa L. Gurulé, WSBA #40602
20  ( ) Nicholas R. Filer, WSBA #39536
    ( ) Kristen E. Care, WSBA #43717
21  ( ) Peter G. Marcek, WSBA #43094
    ( ) Sarah E. Davenport, WSBA #45269
22  Attorneys for Plaintiff

23

24

25

MOTION FOR SUMMARY JUDGMENT - 2

1

## DECLARATION OF PLAINTIFF'S ATTORNEY

2      Plaintiff's attorney declares and states as follows:

3  1.    I am one of the attorneys representing the plaintiff above-named and my law firm

4  has expended the following costs in the above captioned case.

5
| COSTS | AMOUNT |
|---|---|
| Filing fee of Summons & Complaint | $   240.00 |
| Service fee and summons & Complaint | $     69.50 |
| TOTAL COSTS: | $   309.50 |

8  2.    Declarant states that the foregoing is true and correct to the best of his knowledge

9  and belief subject to the penalty of perjury under the laws of the State of Washington.

10  DATED May 20, 2014, at Bellevue, Washington.

11

12      ( ) Karen L. Hammer, WSBA #35608
        ( ) Isaac Hammer, WSBA #36101
13      ( ) Patrick J. Layman, WSBA #5707
        ( ) Malisa L. Gurulé, WSBA #40602
14      ( ) Nicholas R. Filer, WSBA #39536
        ( ) Kristen E. Care, WSBA #43717
15      ( ) Peter G. Marcek, WSBA #43094
        (X) Sarah E. Davenport, WSBA #45269
16

17

18

19

20

21

22

23

24

25

MOTION FOR SUMMARY JUDGMENT - 3

EXHIBIT 1

EXHIBIT 1

# EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

343055

4/24/14

| | | |
|---|---|---|
| STATE OF MICHIGAN | ) | |
| | ) ss | |
| COUNTY OF MACOMB | ) | |

ASSET ACCEPTANCE, LLC )
)
     Plaintiff, )
)
vs )
)             AFFIDAVIT
TERESA BERRY )
)
     Defendant, )

1.  I, ~~Heather Andrus~~ _____, am an employee of ASSET ACCEPTANCE, LLC, and am competent to testify to the matters stated herein based upon personal knowledge of the records maintained by Plaintiff.

2.  I am familiar with and trained on the manner and method by which ASSET ACCEPTANCE, LLC creates and maintains its business records, including computer records of its accounts.

3.  ASSET ACCEPTANCE, LLC business records demonstrate that ASSET ACCEPTANCE, LLC purchased the receivable at issue in this case from FIA CARD SERVICES N.A. or its successor in interest.

4.  The original creditor in this matter is FIA CARD SERVICES N.A. and the original account number is XXXXXXXXXXXX-1112.

5.  The business records associated with the receivable demonstrate that our claim against Defendant is in the amount of $8,569.52 together with the interest, if sought, in an amount not exceeding the rate of 12.00 %.

_____
ASSET ACCEPTANCE, LLC
EMPLOYEE

Subscribed and sworn to before me on
this _____ day of _____ APR 24 2014 , 2014.

_____
Notary Public
My Commission Expires:_____

GINA VINCI
Notary Public - Michigan
Macomb County
My Commission Expires Dec 28, 2019
Acting in the County of _____

Macomb

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



ASSET ACCEPTANCE, LLC
P.O. BOX 2036
WARREN MI  48090

| ACCOUNT NUMBER |
|---|
| 12-2259540 |

| ORIGINAL CREDITOR ACCOUNT NUMBER |
|---|
| XXXXXXXX-XX-1112 |

TERESA BERRY
2329 S HOSMER ST
TACOMA WA 98405

| DATE | ACCOUNT INFORMATION |
|---|---|
| April 24, 2014 | ASSET ACCEPTANCE, LLC, A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE.  ASSIGNEE OF BANK OF AMERICA OR ITS SUCCESSOR IN INTEREST. |

| PURCHASE DATE | CHARGE OFF BALANCE | STATUTORY INTEREST RATE |
|---|---|---|
| April 30, 2012 | $8,569.52 | 12.00 % |

| DATE OF LAST PAYMENT |
|---|
| September 27, 2010 |

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

\* Not previously mailed

AA_1030 File # 12-2259540



EXHIBIT C

BILL OF SALE AND ASSIGNMENT OF LOANS

THIS BILL OF SALE AND ASSIGNMENT OF LOANS is made and entered into between Asset Acceptance, LLC ("Purchaser") and FIA Card Services, N.A. ("Seller"), pursuant to the Loan Sale Agreement dated April 26, 2012 (the "Agreement") entered into between Purchaser and Seller. Capitalized terms not defined herein, shall have the same meaning as defined in the Agreement.

(a)     In consideration of the payments made pursuant to the Agreement and such other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, Seller does hereby sell, transfer, convey, assign and deliver, free and clear of all liens and encumbrances, to Purchaser all of Seller's right, title and interest in and to each and all of the Loans, as included on the electronic file referenced in Schedule 1 of the Loan Agreement, without recourse and without representation or warranty of any type, kind, character or nature, express or implied, except as specifically provided in the Agreement, and subject to Buyer's repurchase rights as set forth in Sections 8.1 and 8.2 of the Agreement.

(b)     Purchaser hereby accepts such sale, transfer, conveyance, assignment, and delivery of the Loans, including without limitation the right to all principal, interest or other proceeds of any kind with respect to the Loans remaining due and owing as of the Cut-Off Date applicable to such Loans.

(c)     Nothing in this Bill of Sale and Assignment of Loans shall be deemed to modify, limit or amend any of the rights or obligations of Purchaser or Seller under the Agreement. This Bill of Sale shall inure to the benefit of, and be binding upon, the respective successors and assigns of Seller and Purchaser and shall be governed by and construed and interpreted in accordance with the Agreement and the laws of the State of Delaware, without regard to such state's principles of conflicts of law.

(d)     This Bill of Sale may be executed by facsimile or electronic transmission in multiple counterparts, each of which shall be an original, but together shall constitute one and the same instrument.

IN WITNESS WHEREOF, each party, through its duly authorized officer, has caused this Bill of Sale and Assignment of Loans to be executed in their name this 30th day of April, 2012.

SELLER/ASSIGNOR:                          BUYER/ASSIGNEE:

FIA CARD SERVICES, N.A.                   ASSET ACCEPTANCE, LLC

By: _____              By: _____
Name: Joseph Orlando                      Name: _mic Murphy_
Title: Senior Vice President              Title: _V P_

Threatened  BK. 4/26/12

EXHIBIT 3

EXHIBIT 3

# EXHIBIT 3

EXHIBIT 3

EXHIBIT 3

**Bank of America**

Prepared for: **TERESA BERRY**

Account Number ████ 4461

**December 2009 Statement**
Credit Line: $7,500.00
Cash or Credit Available: $7,500.00

**Customer Service**
For Information on Your Account Visit:
www.bankofamerica.com
Call toll-free 1-800-789-6685
TDD hearing-impaired 1-800-346-3178
Mail Payments to:
BANK OF AMERICA
P.O. BOX 301200
LOS ANGELES, CA 90030-1200
Mail Billing Inquiries to:
BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850-5026

## Account Information

### Summary of Transactions

| | | |
|---|---|---|
| Previous Balance | | $0.00 |
| Payments and Credits | − | $48.52 |
| Purchases and Adjustments | + | $48.52 |
| Periodic Rate Finance Charges | + | $0.00 |
| Transaction Fee Finance Charges | + | $0.00 |
| New Balance Total | | $0.00 |

### Billing Cycle and Payment Information

| | |
|---|---|
| Days in Billing Cycle | 30 |
| Closing Date | 12/23/09 |
| Payment Due Date | 01/19/10 |
| Current Payment Due | $0.00 |
| Past Due Amount | + $0.00 |
| Total Minimum Payment Due | $0.00 |

## Transactions

| | Promotional Offer ID | Posting Date | Transaction Date | Reference Number | Account Number | Amount |
|---|---|---|---|---|---|---|
| **Payments and Credits** | | | | | | |
| GRC CHAZ DEAN    800-9841892 CA | | 12/01 | 11/28 | 0106 | 4461 | 29.95 CR |
| NFI WWW.NETFLIX.COM/CC NETFLIX.COM CA | | 12/16 | 12/14 | 9251 | 4461 | 18.57 CR |
| **Purchases and Adjustments** | | | | | | |
| GRC CHAZ DEAN    800-9841892 CA 14994577 | | 11/30 | 11/28 | 0106 | 4461 | 29.95 |
| NFI WWW.NETFLIX.COM/CC NETFLIX.COM CA 557146958 | | 12/15 | 12/14 | 9251 | 4461 | 18.57 |

## Important Information About Your Account

TRANSFER 10 23 09 STAT 4868936048841112   S

## Finance Charge Schedule

| Category | Promotional Transaction Types | Daily Periodic Rate | Corresponding Annual Percentage Rate | APR Type | Balance Subject to Finance Charge |
|---|---|---|---|---|---|
| Balance Transfers | | 0.000000% | 0.00% | T | |
| Cash Advances | | 0.000000% | 0.00% | T | |
| Purchases | | 0.000000% | 0.00% | T | |

**Annual Percentage Rate for this Billing Period:**
(Includes Periodic Rate Finance Charges and Transaction Fee Finance Charges that results in an APR which exceeds the Corresponding APR above.)

See Corresponding Annual Percentage Rate Above

APR Type Definitions: APR Type: T= Temporary APR (APR for special circumstances)

20 ████████████ 4461

BANK OF AMERICA
P.O. BOX 301200
LOS ANGELES, CA 90030-1200

☐ Check here for a change of mailing address or phone number(s). Please provide all corrections on the reverse side.

### Payment Information

ACCOUNT NUMBER: ████ 4461
NEW BALANCE TOTAL: $0.00
PAYMENT DUE DATE: 01/19/10

TOTAL MINIMUM PAYMENT DUE $0.00

Enter Payment Amount Enclosed:
$

Mail this payment coupon along with a check or money order payable to: BANK OF AMERICA

TERESA BERRY
2329 S HOSMER ST
TACOMA WA 98405-3150

Page 1 of 2



Prepared for:   TERESA BERRY

Account Number:  �array1112



December 2009 Statement
Credit Line:                    $7,500.00
Cash or Credit Available:        $0.00

Customer Service
For Information on Your Account Visit:
www.bankofamerica.com
Call toll-free 1-800-789-6685
TDD hearing-impaired 1-800-346-3178
Mail Payments to:
BANK OF AMERICA
P.O. BOX 301200
LOS ANGELES, CA 90030-1200
Mail Billing Inquiries to:
BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850-5026

## Account Information

### Summary of Transactions
| | | |
|---|---|---|
| Previous Balance | | $7,244.43 |
| Payments and Credits | − | $0.00 |
| Purchases and Adjustments | + | $291.71 |
| Periodic Rate Finance Charges | + | $168.37 |
| Transaction Fee Finance Charges | + | $0.00 |
| New Balance Total | | $7,704.51 |

### Billing Cycle and Payment Information
| | |
|---|---|
| Days in Billing Cycle | 30 |
| Closing Date | 12/23/09 |
| Payment Due Date | 01/19/10 |
| Current Payment Due | $282.00 |
| Past Due Amount  + | $228.00 |
| Total Minimum Payment Due | $ 510.00 |

## Transactions

### Purchases and Adjustments
| | Promotional Offer ID | Posting Date | Transaction Date | Reference Number | Account Number | Amount |
|---|---|---|---|---|---|---|
| TOP FOOD AND DRUG    TACOMA    WA | | 11/24 | 11/22 | 0377 | 1112 | 87.56 |
| THE COFFEE CABIN 3   PUYALLUP   WA | | 11/25 | 11/24 | 3580 | 1112 | 3.50 |
| TOP FOOD AND DRUG    TACOMA    WA | | 11/27 | 11/24 | 4860 | 1112 | 19.67 |
| PAYLESSSHOESOU00018804 TACOMA    WA | | 11/27 | 11/25 | 3523 | 1112 | 29.46 |
| GRC  CHAZ DEAN  800-9641892 CA | | 12/01 | 11/28 | 0106 | 4461 | 29.95 |
| FMG ST JOSEPH    TACOMA    WA | | 12/03 | 12/02 | 0208 | 1112 | 25.00 |
| NFI WWW.NETFLIX.COM/CC NETFLIX.COM CA | | 12/16 | 12/14 | 9251 | 4461 | 18.57 |
| LATE FEE FOR PAYMENT DUE 12/20 | | 12/21 | 12/20 | 7458 | | 39.00 |
| OVERLIMIT FEE (BASED | | 12/23 | 12/23 | D/27 | | 39.00 |
| ON BALANCE    7,616.99) | | | | | | |

          YOUR ACCOUNT IS OVERLIMIT.
          TO AVOID AN OVERLIMIT FEE
          ON YOUR NEXT STATEMENT, WE
          MUST RECEIVE A CONFORMING
          PAYMENT, THAT BRINGS AND
          KEEPS YOUR ACCOUNT BALANCE
          BELOW THE CREDIT LINE,
          WITHIN 27 DAYS OF THE ABOVE
          STATEMENT CLOSING DATE,
          AND NOT GO OVERLIMIT AGAIN.

## Important Information About Your Account

YOU ARE A VALUED CUSTOMER. WE WANT TO MAKE SURE YOU ARE AWARE THAT WE
HAVE NOT RECEIVED YOUR PAYMENT. PLEASE SEND THE AMOUNT DUE TODAY.
IF IT HAS BEEN MAILED, THANK YOU.

ENJOY SPECIAL DISCOUNTS AT HERTZ.COM WHEN YOU USE CDP# 160018.

20  00000000                                               1112

BANK OF AMERICA
P.O. BOX 301200
LOS ANGELES, CA 90030-1200

☐ Check here for a change of mailing address or phone number(s).
  Please provide all corrections on the reverse side.

### Payment Information
ACCOUNT NUMBER:        ▭1112
NEW BALANCE TOTAL: $7,704.51
PAYMENT DUE DATE:  01/19/10

TOTAL MINIMUM PAYMENT DUE   Enter Payment Amount Enclosed:
$510.00                     $

TERESA BERRY
2329 S HOSMER ST
TACOMA WA  98405-3150

Mail this payment coupon along with a
check or money order payable to: BANK OF AMERICA



EXHIBIT C

# AFFIDAVIT OF SALE AND CERTIFICATION OF DEBT

STATE OF NORTH CAROLINA    )
                           )
CITY OF GREENSBORO         )

FIA Card Services, N.A.
Accountholder: BERRY, TERESA

Account No(s), ██████7239, ██████1112, ██████1712

The undersigned, Cristina Ordonez, being duly sworn, states and deposes as follows:

1.  That Affiant is employed by FIA Card Services, N.A. in the position of Bank Officer, has personal knowledge of the manner and method by which FIA Card Services, N.A. maintains its normal business book and records, and is duly authorized to make this affidavit.

2.  That the contents of this affidavit are believed to be true and correct based on the computerized and hard copy books and records of FIA Card Services, N.A., maintained in the ordinary course of business, with the entries in them having been made at or near the time of the transaction recorded.

3.  That FIA Card Services, N.A. is a wholly owned subsidiary of Bank of America Corporation and is successor in interest to MBNA America Bank NA, Fleet Bank (RI), and Bank of America, National Association (USA).

4.  That  the account records of FIA Card Services, N.A. show that:

    a.  Account number 4888941990877239, formerly account number 4888936048841112, originally known as 4888603524041712, was opened on 11/18/05 by TERESA BERRY.

    b.  Pursuant to the terms of the card member agreement with FIA Card Services, N.A , there was due and payable $8569.52 as of the charge off date of 05/31/11.

    c.  Said agreement and account was, on 4/27/2012, sold, transferred and set over unto Asset Acceptance LLC, with full authority to do and perform all acts necessary for collection, settlement, adjustment, compromise or satisfaction of the said claim, and as of that date, there was due and payable on this Account the sum of $8569.52, with all just and lawful offsets, payments, and credits having been allowed.

    d.  There were no uncredited, payments, just counterclaims or offsets against said debt when sold.

5.  That as a result of the sale of said account, Asset Acceptance LLC and/or its authorized Agent, has complete authority to settle, adjust, compromise and satisfy same, and that FIA Card Services, N.A. has no further interest in the account for any purpose.

6.  That the original contract in this matter may not be available, or no longer accessible to Affiant.

DATED THIS ____ day of __JAN 3 0 2013_, 2013

                                        FIA Card Services, N.A.

                                    By: _____

                                        Bank Officer

Subscribed and sworn to before me this _____ day of __JAN 3 0 2013__, 2013

My commission expires: 10-27-15

Notary Seal

Notary Public

(Notary seal: MARTY J JARRELL, MY COMMISSION EXPIRES October 27, 2015, NOTARY PUBLIC, GUILFORD CO., NC)

3539_ Asset Acceptance LLC_1/30/2013